**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**ALFA INSURANCE CORPORATION** **PLAINTIFF**

**v.** **CIVIL ACTION # 2:07cv142-KS-MTP**

**COBB CONSTRUCTION, INC.** and
**TROY E. COBB,** individually **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. # 16] filed by the Plaintiff, Alfa Insurance Corporation. Because Alfa has demonstrated the absence of any genuine issue of material fact in the Plaintiff's case, and the Plaintiff has failed to set forth any specific facts showing there exists a genuine issue for trial, the motion for summary judgment should be **granted.**

## I. FACTUAL BACKGROUND

This case arises out of an insurance company's duty to defend its insured. Troy E. Cobb and Cobb Construction have been named in two state-court complaints for negligence, poor workmanship, conspiracy, and fraud. Alfa, Cobb Construction's insurer, now seeks a declaration from this Court that it has no duty to defend either Mr. Cobb or Cobb Construction based on the terms of their insurance policy.

Cobb Construction, Inc., is a general contractor and construction company located in Lamar County, Mississippi. Cobb Construction builds and renovates residential houses. The

company was at one time owned and operated by Troy E. Cobb, but Mr. Cobb sold his interest in Cobb Construction to Joe Dale. Although Mr. Cobb sold his interest, he remained a corporate officer of Cobb Construction according to the records of the Mississippi Secretary of State. The precise relationship between Mr. Cobb and Cobb Construction remains unknown.

In May and June of 2007, aggrieved homeowners sued Cobb Construction and Troy Cobb individually in Mississippi state court. In the *Chisolm* lawsuit, a group of homeowners allege faulty and negligent construction, fraud, and a civil conspiracy against Cobb Construction and a group of other defendants. In the *Mabins* lawsuit, Cobb Construction as well as Troy E. Cobb individually, and Troy E. Cobb, Inc., are alleged to have negligently constructed a home.

Prior to the allegations relevant to this suit, Alfa Insurance Corporation ("Alfa") insured Cobb Construction through a commercial general liability policy. The Alfa policy contained a number of exclusions relevant to the current lawsuit. The first, an expected or intended injury exclusion, withdrew coverage for "'bodily injury' or 'property injury' expected or intended from the standpoint of the insured." *See* Pl.'s Ex A [Doc. # 16-1] (Feb. 21, 2008). The second excluded work of the insured, retracting coverage for "part of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed" and "'property damage' to 'your product' arising out of it or any part of it." *Id.* Finally, the policy excluded "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" *Id*. The last exclusion "does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contract." *Id.*

Alfa brought suit for a declaratory judgment on July 16, 2007, alleging that it owes no duty to defend its insured Cobb Construction or Troy E. Cobb, individually. Defendant Cobb

Construction has failed to ever respond to Alfa's complaint. Defendant Mr. Cobb has answered in his individual capacity, and Alfa has now filed a motion for summary judgment against him.

## II. Standard of Review

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir. 2004). Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citations omitted). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007). If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). If the nonmovant responds and still

"no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

## III. Application and Analysis

Responding to the motion for summary judgment, Mr. Cobb has recognized that the Alfa insurance policy provides him no coverage for claims of fraud, misrepresentation, or breach of warranty alleged by the aggrieved homeowners. Therefore, all the claims of the *Chisolm* lawsuit are outside the scope of coverage, and just the claims of negligent workmanship in the *Mabins* lawsuit remain. Mr. Cobb argues that he retains coverage for certain negligence allegations in that case because "the GCL policy does in fact provide a duty to defend and cover any claims made as a result of the work of subcontractors." *See* Def.'s Res. Br. at 2 [Doc. # 19] (Mar. 20, 2008). He claims that all of the damages alleged in that complaint were "the result of subcontracts hired by the Defendants." *Id.*

Although the subcontractor provision might create some coverage for Cobb Construction, it does nothing to establish coverage for Mr. Cobb himself.[1] The only coverage Mr. Cobb could theoretically enjoy under the Alfa policy is through the role he retained after selling the business, that of an officer of the corporation. Coverage would only be available through this provision were Mr. Cobb to incur liability for his duties as a corporate officer. Yet the work of subcontractors in renovating and constructing the home is not the duty of a corporate officer that

[1] As Cobb Construction has not responded to either the Complaint or the instant motion, its potential coverage under the policy is not presently before the Court.

might afford some coverage for Mr. Cobb Even if Cobb Construction were covered for the work of subcontractors, that fact does not translate into coverage for Mr. Cobb in his individual capacity.

Despite Mr. Cobb's reliance on the subcontractor exemption to the relevant exclusion, the remaining exclusions work to defeat his claim for coverage. First, Mr. Cobb has failed to raise a genuine issue of material fact that an "occurrence" as defined by his policy has triggered coverage. Second, the policy clearly excludes property damages intended from the standpoint of the insured, a fact recognized by Mr. Cobb in his response. Finally, there is no evidence that the work in question was actually done by subcontractors, absent a single, self-serving affidavit submitted by Mr. Cobb. Even if the negligent work of subcontracts did create some coverage that would attach to Mr. Cobb individually, this Court does not have sufficient factual evidence to determine that subcontractors actually performed the work in question. Therefore, Mr. Cobb has failed to show there is a genuine issue of material fact that is suitable for trial.

## IV. CONCLUSION

In response to Alfa's motion for summary judgment, Mr. Cobb has failed to raise any genuine issue of material fact that would establish an issue suitable for trial. Taking all facts in the light most favorable to the non-movant, Mr. Cobb has failed to demonstrate how the Alfa policy affords him any coverage under the claims made by either state court complaint.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [Doc. # 16] is **granted**.

SO ORDERED AND ADJUDGED on this, the 23rd day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE